**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1923**

RANDY WALTER BYERS,

                    Plaintiff - Appellant,

          v.

ALAMANCE COUNTY, NORTH CAROLINA,

                    Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:13-cv-01102-JAB-JEP)

Submitted:  January 29, 2016          Decided:  February 16, 2016

Before GREGORY, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randy Walter Byers, Appellant Pro Se.  William L. Hill, FRAZIER HILL & FURY, RLLP, Greensboro, North Carolina, James Demarest Secor, III, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Walter Byers appeals the district court's order granting summary judgment in favor of the Defendant, Alamance County, North Carolina (hereafter, "the County"), on Byers' Title VII claim of racially discriminatory hiring. For the reasons that follow, we affirm.

"We review the district court's grant of summary judgment de novo, viewing the facts and the reasonable inferences therefrom in the light most favorable to the nonmoving party." Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011). Summary judgment is appropriate only where "there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, we may not weigh evidence or make credibility determinations, and we "must disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000). However, to survive a properly supported motion for summary judgment, the nonmoving party "cannot solely rely on mere allegations or denials of his pleadings" but "must set forth specific facts that go beyond the mere existence of a scintilla of evidence." Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013) (brackets and internal quotation marks omitted).

Title VII prohibits employers from failing or refusing to hire an individual "because of such individual's race." 42 U.S.C. § 2000e-2(a)(1) (2012). Where, as here, the plaintiff does not provide direct evidence of discrimination, he may prove a Title VII claim through the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Foster v. Univ. of Md.-E. Shore, 787 F.3d 243, 249 (4th Cir. 2015). To establish a prima facie case of discriminatory failure to hire, Byers must prove that (1) he is a member of a protected class; (2) he applied for the position; (3) he was qualified for the position; and (4) his application was rejected "under circumstances that give rise to an inference of unlawful discrimination." Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 268 (4th Cir. 2005). If he meets this burden, the burden shifts to the County to produce evidence of a legitimate, nondiscriminatory reason for declining to hire Byers. See Hoyle v. Freightliner, LLC, 650 F.3d 321, 336 (4th Cir. 2011). If the County makes such a showing, the burden then shifts back to Byers to prove that the employer's asserted justification is pretextual. See Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 575-76 (4th Cir. 2015).

As an initial matter, although Byers asserts that the district court improperly excluded various documents appended to his summary judgment pleadings, the district court's opinion

3

states that it considered these documents in making its summary judgment determination. Additionally, insofar as Byers raises new arguments on appeal, these issues are not properly before the court. See In re Under Seal, 749 F.3d 276, 285 (4th Cir. 2014).

We have reviewed the record and the parties' submissions and find no error in the district court's conclusion that Byers failed to provide evidence sufficient to support a prima facie case of discrimination, as he could not demonstrate that he was rejected from either position under circumstances giving rise to an inference of unlawful discrimination. See Anderson, 406 F.3d at 268. Moreover, we agree that the record does not permit the conclusion that the County's proffered justifications were pretext for intentional discrimination. See Jacobs, 780 F.3d at 515-16; Walker v. Mod-U-Kraf Homes, LLC, 775 F.3d 202, 211 (4th Cir. 2014). Thus, the district court committed no reversible error in granting summary judgment in favor of the County.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument will not aid the decisional process.

AFFIRMED